UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jack Raymond Smith,

        Plaintiff,

   v.

Commissioner of Social Security,[1]

        Defendant.

**Decision and Order**

16-CV-953 HBS
(Consent)

## I.  INTRODUCTION

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8 (pages hereafter noted in brackets)), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 15, 18.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Disability Insurance Benefits under Title II of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.  DISCUSSION

  The ultimate issue to be determined by this Court is whether the ALJ's decision that plaintiff was not under a disability is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

For purposes of Social Security disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant

2

work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff argues that the Administrative Law Judge ("ALJ") who rendered an unfavorable decision mischaracterized his treatment history in a way that requires recontacting treating sources. According to plaintiff, the ALJ selectively quoted parts of the record that showed him on better days without citing "many other visits [when] mental status examinations revealed an anxious and/or depressed affect and mood, substandard hygiene, or difficulties with mental focus." (Dkt. No. 15-1 at 14.) Plaintiff also takes issue with the ALJ's notation of a particular progress note in the record that makes reference to a purported attempt to bolster plaintiff's application for benefits. (Dkt. No. 15-1 at 14; Dkt. No. 21 at 7; *see also* [369].) The Commissioner responds that, to the extent that the progress note suggests an opinion about plaintiff's disability, it can be ignored as improperly infringing on a matter reserved to the ALJ. The Commissioner further asserts that the weight of the record points to severe impairments that were kept under control, and that inconsistencies do not automatically require recontacting treating sources. The Commissioner has the better view here.

3

There is no question that plaintiff has severe impairments, and the ALJ admitted as much in his decision. [16.] Nonetheless, and contrary to any concerns about "cherry picking" or mischaracterized progress notes, the record consistently shows psychiatric impairments that worsened from loss of a job [250] but have been managed through counseling plans and through medication. [*E.g.*, 221, 240, 251, 253–60, 267, 269, 276, 298, 300.] *Cf., e.g., Britton v. Colvin*, No. 5:13-CV-00907, 2015 WL 1413382, at *15 (N.D.N.Y. Mar. 27, 2015) (affirming denial of benefits where the plaintiff maintained activities of daily living and some control over mental impairments); *Casler v. Astrue*, 783 F. Supp. 2d 414, 417 (W.D.N.Y. 2011) ("According to her treating physicians, her outlook has improved, her medications are as effective as can be expected, and plaintiff is succeeding in her efforts to manage her anxiety and avoid isolating herself, attending family events and yard sales, and planning a vacation."). While plaintiff had some impairment in attention and concentration, he had average cognitive functioning; fair insight and judgment; and the ability to take care of activities of daily living. [263.] Plaintiff learned coping skills for managing stress. [276, 277.] *Cf. Torres v. Comm'r*, No. 6:16-CV-590 (ATB), 2017 WL 318845, at *5 (N.D.N.Y. Jan. 23, 2017) ("As her treatment progressed, plaintiff reported success in handling family conflicts and other stress through the use of coping skills and techniques that she had learned in counseling."). By August 2014, plaintiff made enough progress that he was denying acute psychiatric symptoms. [338, 351.] By April 2015, plaintiff was described in a progress note as follows:

> This is a 57-year-old male he appears older than stated age. He is alert and oriented to person, place and time. He has fair hygiene, somewhat disheveled appearance. Otherwise he has good eye contact. His affect is calm. His mood he reports to be up and down and depressed when he fights with his roommate. Speech is clear and coherent. Thought process is organized. Thought content is negative for suicidal ideation, negative for homicidal ideation. No evidence of psychosis. No death wishes. No evidence of hypomania or mania. He denies any complaints of memory or concentration problems. He reports sleeping well and his mood has been calmer. His fund of knowledge is fair. His insight and judgment are fair. Lethality assessed to be low.

[355.] Under these circumstances, the record consistently shows a person who had acute psychiatric symptoms in 2013 but brought those symptoms under control over the next two years. The record included but went well beyond considerations of global assessment of functioning ("GAF") scores, and plaintiff's concerns about the GAF scores are overstated. This record gave the ALJ substantial evidence to support a finding of no disability.

Next, plaintiff argues that the ALJ did not "properly assess the exact nature of [his] difficulties with stress, and how those difficulties would impact his ability to work." (Dkt. No. 15-1 at 17.) Specifically, plaintiff points to the absence of any "medical opinion regarding exactly what stressors would pose difficulties to [him] in a work setting." (*Id.* at 18.) The Commissioner responds by citing to portions of the record indicating that plaintiff had only moderate stress limitations and denied anxiety at various times. (Dkt. No. 18-1 at 27–28.) The parties then spend some time addressing the significance of *Chamberlin v. Colvin*, No. 14-CV-1073S, 2016 WL 3912531 (W.D.N.Y. July 20, 2016). The Commissioner cites *Chamberlin* to show that moderate limitations related to stress—as supposedly seen here—do not require remand. Plaintiff would distinguish *Chamberlin* "on the grounds that Chamberlin consistently had normal mental status examinations, normal mood and appropriate affect, and did not have emotional problems. However, this was clearly not the case with Mr. Smith." (Dkt. No. 21 at 6.) As noted above, however, the record here shows that plaintiff had stress-related manifestations that gradually came under control through therapy and medication. Early clinical notes in 2013 show acute psychiatric symptoms following the loss of a job that included some suicidal ideation. Over the course of 2014 and 2015, plaintiff reported insights from therapy sessions and improvements to the point that suicidal ideation ceased; thought processes were organized; and insight and judgment were fair. [*E.g.*, 274, 275, 278, 293, 295.] *Cf. D.L.K. by Brink v. Comm'r*, No. 1:16-CV-0907, 2017 WL 1843277, at *5 (N.D.N.Y. May 5,

5

2017) ("The record contains notations that Claimant struggled in coping with stress at home; however, medication and therapy were helping him implement coping skills which were apparent in therapy and school."). Under these circumstances, substantial evidence supported the ALJ's determination that plaintiff had the residual functional capacity for light work, as long as the work did not put him under any sort of time or quota pressure.

### III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 18) and denies plaintiff's cross-motion (Dkt. No. 15).

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                __/s Hugh B. Scott_____
                                                Hon. Hugh B. Scott
                                                United States Magistrate Judge

DATED: October 17, 2018